**UNITED STATES of America, Appellee,**

v.

**Marcelo P. TAPIA, Defendant, Appellant.**

**No. 83–1389.**

United States Court of Appeals, First Circuit.

Argued May 10, 1984.

Decided June 27, 1984.

Certiorari Denied Oct. 1, 1984. See 105 S.Ct. 217.

Paul E. Troy, Boston, Mass., by appointment of the Court, with whom Sherburne, Powers & Needham, Boston, Mass., was on brief, for appellant.

Tobin N. Harvey, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Marcelo Tapia and his father Alejandro were convicted of possessing and distributing cocaine and of a related conspiracy. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846.

The evidence at trial showed that an informer, Eugene Winson, approached federal drug agents and offered to cooperate with them in return for their help in securing leniency for him on state criminal charges. The agents used Winson to help with a "controlled buy" of cocaine. The upshot of the agents' plan was that Winson went to Alejandro's apartment with $2,800 in marked bills. Agents across the street watched and photographed the proceedings. Winson met Marcelo at the door. Winson emerged some time later without the money and with an ounce of diluted cocaine. Winson went back later that afternoon with instructions to try to buy a pound of cocaine. The agents again saw him meet Marcelo at the door. When Winson emerged, his descriptions led the agents to obtain a search warrant. And the subsequent search produced scales, glassine bags, cutting agents, the marked bills, and a small amount of cocaine. Marcelo appeals from the subsequent conviction.

■ a. Marcelo points to Winson's testimony about what went on in the house, namely, that Marcelo sold him the ounce of cocaine and discussed with him the sale of the pound. Marcelo says that this evidence is crucial, for without it one might conclude he was simply an innocent bystander in his father's house, particularly since the marked $2,800 was found in his father's possession. Marcelo argues that the district court should have excluded Winson's testimony and then dismissed the case for insufficient evidence. And he advances three reasons.

Marcelo first argues that Winson's testimony lacks corroboration. But, in fact, the corroborating evidence—ranging from the federal agents' observations of Marcelo at the door to glassine bags in the basement—is more than sufficient.

Second, Marcelo points out that the district court initially indicated on the face of his suppression motion that it had granted his request to suppress "all statements" that he had made to anyone cooperating with the government. The district court,

however, later realized that it had not meant to cover statements made *before the search;* and it revised the written order to allow testimony about pre-search statements.

■ Third, Marcelo argues that the informer had so strong a motive to lie (to help avoid a state jail term) and had so disgraceful a background that the government should have taped him while inside the apartment to ensure his reliability or it should not have used his testimony at all. We are aware of no case law, however, suggesting that the government *must* tape an informer's conversations. More important, the Supreme Court has made clear that in circumstances such as these an informer's reliability is a matter for the jury:

> [This informer], perhaps even more than most informers, may have had motives to lie. But it does not follow that his testimony was untrue, nor does it follow that his testimony was constitutionally inadmissible. The established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury.

*Hoffa v. United States,* 385 U.S. 293, 311, 87 S.Ct. 408, 418, 17 L.Ed.2d 374 (1966); *cf. United States v. Hemmer,* 729 F.2d 10 at 17 (1st Cir.1984). We have examined the various factors which Marcelo claims aggravate the risk of unreliability here (such as Winson's use of cocaine inside Alejandro's apartment, his initial reluctance to testify, and his need to please the drug agents in order to receive no jail term), but we find none that—even together with others—could warrant an exception to the general rule.

■ b. Marcelo argues that the district court should not have continued his trial from March 8, 1983, when it was originally scheduled, until March 31. The court did so at the request of Marcelo's co-defendant, his father Alejandro, who wanted a new lawyer. The major reasons for granting the continuance consisted of the importance of giving Alejandro a lawyer of his choice, *see Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932), and the undesirability of conducting two separate trials (for Marcelo and Alejandro) focusing on approximately the same events, *see United States v. Talavera,* 668 F.2d 625, 629 (1st Cir.), *cert. denied,* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982). The major reason for not granting the continuance, from Marcelo's perspective, consisted of the fact that Winson was then refusing to testify, so the government might not have been able to convict him had trial taken place immediately. The force of this reason is mitigated, however, by the fact that denial of the motion for continuance did not necessarily mean an acquittal for Marcelo. The government explained to the district court that it intended to ask for a dismissal of Marcelo's case *without prejudice* so that it could try Marcelo in the future. Regardless, "the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton,* 584 F.2d 485, 489 (D.C. Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); *United States v. Poulack,* 556 F.2d 83, 86 (1st Cir.), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977). Marcelo had no absolute right to proceed to trial separately from his co-defendant. And we find no "clear abuse" of the district court's powers in granting the brief continuance here at issue.

■ c. Marcelo argues that the government failed to give him sufficiently timely "discovery" notice of certain photographs that it introduced at trial. *See* Fed.R. Crim.P. 16(a)(1)(A). He received notice on March 24, 1983. The trial, evidently scheduled to begin on March 31, actually began on April 8, and the photos were introduced on April 11. The photos showed some of the events which federal agents observed and testified about. Since they were only corroborative and Marcelo points to no significant change in his defense to which earlier notice would have led, there is no

prejudice sufficient to require the district court to exclude them. *See United States v. Hemmer,* at 13. Nor can we find any violation of any discovery obligation sufficiently serious to warrant exclusion as an exercise of our supervisory power. *See United States v. Ariza-Ibarra,* 651 F.2d 2, 14 (1st Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).

■ d. Marcelo argues that the district court should have allowed him to cross-examine Winson about certain criminal charges and convictions. Fed.R.Evid. 609 states:

> **(a) General Rule.** ... [E]vidence that [a witness] has been convicted of a crime shall be admitted ... only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted ... or (2) involved dishonesty or false statement, regardless of the punishment.
>
> **(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction ... unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The evidence that was excluded fits directly within Rule 609's scope. Marcelo cites Fed.R.Evid. 404(b) as a basis for allowing the cross-examination; but the purpose of the cross-examination was impeachment, the subject of Rule 609, not of Rule 404(b). The old or minor convictions and charges were of no other relevance to the case. Nor is this a case in which enforcement of Rule 609's limitations would "deprive the defense of an opportunity to present to the jury a vital element of the defense." *United States v. Lewis,* 447 F.2d 134, 139 (2d Cir.1971). We find no reversible error.

■ e. Finally, appellant argues that when the prosecutor made his closing remarks to the jury he should not have been allowed to describe the state of the law. We can find nothing seriously prejudicial about the content of the prosecutor's de-scription of the law; and the judge made clear to the jury that it was the judge's description of the law—not that of either counsel—that was to control their decision. Seeing no prejudice, we find no error.

The judgment of the district court is *Affirmed.*